CHEHARDY, Judge.
Plaintiffs, Penny Jane Gordon, wife of/and John Howard Allen, appeal from a trial court judgment maintaining the exception of prescription filed by defendants, Ernest E. Cherrie, Jr., M.D., and Sara Mayo Hospital, and dismissing plaintiffs’ suit as to these two defendants.
On October 4, 1975, Dr. Ernest E. Cher-rie, Jr., attended the birth of Penny Jane Gordon’s child at Sara Mayo Hospital. After the birth, plaintiff suffered continuous menstrual bleeding up to and through November 24,1975, on which date she obtained the services of another doctor who performed treatment necessary to remove what was referred to as “after birth” ap-' parently left in the vaginal canal after the birth of the child.
On October 4, 1976, plaintiffs-appellants filed suit in Jefferson Parish alleging that *735 on October 4, 1975, Dr. Cherrie and/or South Jefferson General Hospital had committed malpractice in the delivery of plaintiffs’ child.
The record shows personal service on South Jefferson General Hospital through Ruth Orgeron on October 7, 1976. Attempted service of Dr. Cherrie was returned as not served — subject unknown.
On March 30, 1978, an amendment was filed alleging that Sara Mayo Hospital was, in fact, the correct hospital. The original and amending petitions were then served on Dr. Cherrie on April 8, 1978 and on Sara Mayo Hospital on April 11, 1978.
Defendants, both of whom were domiciled in New Orleans, excepted to the venue on May 8, 1978.
Plaintiffs then filed, on June 5, 1978, a motion and secured a transfer of the case to Orleans Parish. The defendants, Sara Mayo Hospital and Dr. Ernest E. Cherrie, Jr., filed an exception of prescription based on the original suit being filed in a court of improper venue and service of citation was not effected on either defendant until well after the year had run.
L.R.S. 9:5801 provides:
“All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process.”
The commencement of a civil action is sufficient to interrupt prescription when filed in a court of competent jurisdiction. However, it is clear that if suit is filed in an incompetent court or in- an improper venue, prescription will only be interrupted if there is service of citation within the prescriptive period, which in this case is one year. Service in this case was not made on defendants until well after the one-year prescriptive period had run. Accordingly, we affirm the judgment maintaining the plea of prescription.

AFFIRMED.